**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY


                                :
LUIS SANTIAGO,                  :
                                :   Civil No. 08-5980 (JBS)
          Petitioner,           :
                                :
     v.                         :
                                :       OPINION
WARDEN PAUL SCHULTZ,            :
                                :
          Respondent.           :
                                :
```

**APPEARANCES:**

    LUIS SANTIAGO, Petitioner pro se
    #14516-014
    F.C.I. Fairton
    P.O. Box 420
    Fairton, New Jersey 08320

**SIMANDLE, District Judge**

Petitioner, Luis Santiago ("Santiago"), a federal prisoner confined at the Federal Correctional Institution in Fairton, New Jersey ("FCI Fairton"), brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Santiago names only Warden Paul Schultz, the Warden at FCI Fairton where petitioner is confined, as the party respondent in this action.

Because it appears from a review of the Petition that Santiago is not entitled to issuance of the writ, the Court will deny the Petition, pursuant to 28 U.S.C. § 2243, for the reasons set forth below.

I.  BACKGROUND

Santiago is presently serving an aggregated prison term of 108 months with a five-year term of supervised release based on his May 2003 federal conviction by guilty plea in the United States District Court for the District of Connecticut, on drug trafficking offenses in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii) and 846.

Santiago currently is serving his prison term at the FCI Fairton.  He states that he is currently participating in the residential drug treatment program at FCI Fairton, and at the time he filed his petition in this matter, on or about December 5, 2008, he had approximately two months to complete or graduate from the program.

On or about August 6, 2008, Santiago submitted his Central Office Administrative Remedy Appeal, challenging previous administrative remedy decisions that determined him to be ineligible for early release upon successful completion of the residential drug treatment program under 18 U.S.C. § 3621(e). The National Inmate Appeals Administrator issued its final decision on October 23, 2008, denying Santiago's appeal.  The decision reads, in pertinent part, as follows:

> Bureau records reflect you are currently participating in the RDAP at FCI Fairton.  Among other offenses, you were convicted of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii) & 846, Conspiracy to Possess with Intent to Distribute, and to Distribute a Mixture and Substance Containing 500 Grams or More of Cocaine.  You also received a three-level specific

> offense characteristic enhancement for possession of a firearm during your drug offense.  Additionally, your Amended Judgment and Commitment Order indicated you discharged a firearm twice resulting in an injury and held a gun to the head of another person.  The above referenced regulation and P.S. 5162.04, <u>Categorization of Offenses</u>, identify your offense as one that, at the Director's discretion, shall preclude you from receiving certain program benefits, including early release.  You are not being denied early release eligibility because your conviction is a crime of violence.  Rather, you are being denied early release eligibility at the Director's discretion and this exercise of discretion was upheld by the United States Supreme Court on January 10, 2001, in <u>Lopez v. Davis</u>.
>
> The decision in <u>Arrington v. Daniels</u>, 516 F.3d 1106 (9th Cir. 2008), does not change the analysis of your case insofar as you are not currently housed in an institution within the Ninth Circuit nor did you complete the unit-based portion of the RDAP in an institution within the Ninth Circuit.  There is no entitlement to an early release but it is at the Director's discretion.  We concur with the decision that you are precluded from receiving early release under 18 U.S.C. § 3621(e).  Accordingly, your appeal is denied.

(October 23, 2008 Administrative Remedy No. 490996-A2, Part B - Response, attached as an Exhibit to the Petition).

Santiago then filed this habeas petition on or about December 5, 2008.  In his petition, Santiago contends that he has never been convicted of a violent crime to preclude his eligibility for early release upon successful completion of a residential drug treatment program under 18 U.S.C. § 3621(e). Santiago also argues that the Bureau of Prisons ("BOP") violated the Administrative Procedures Act ("APA") in its promulgation of the 1997 Interim Regulation, which precluded early release benefits from successful completion of a residential drug

3

treatment program for prisoners convicted of a violent crime, namely, affording interested persons with notice and an opportunity to comment.  Santiago claims that he had a concrete interest to have public participation with respect to this regulation when the regulation renders petitioner ineligible for a sentence reduction.

Finally, Santiago asserts that he is being denied the same relief mechanisms as inmates in the Ninth Circuit, who have been awarded early release benefits for successful completion of the 500-hour RDAP program.  Although Santiago does not expressly cite to the case Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008), in his petition, it appears that he did reference the case on this issue in his Central Office Administrative Remedy Appeal.

## II.   ANALYSIS

A.   Standard of Review

United States Code Title 28, Section 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  Thus, a pro se habeas petition

should be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989).  Because Santiago is proceeding pro se in his application for habeas relief, the Court will accord his petition the liberal construction intended for pro se litigants.

B.   An Overview of the RDAP

   The Violent Crime Control and Law Enforcement Act of 1994 ("VCCLEA") amended 18 U.S.C. § 3621 to require the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse."  18 U.S.C. § 3621(b).  To carry out this requirement, the BOP must provide residential substance abuse treatment for all eligible inmates, subject to the availability of appropriations.  18 U.S.C. § 3621(e)(1).  An "eligible prisoner" is one who is "determined by the Bureau of Prisons to have a substance abuse problem," and who is "willing to participate in a residential substance abuse treatment program." 18 U.S.C. § 3621(e)(5)(B)(i) and (ii).  As an incentive for the successful completion of the residential treatment program, the BOP ***may***, in its discretion reduce an inmate's sentence by up to one year.  18 U.S.C. § 3621(e)(2)(B); see also Lopez v. Davis, 531 U.S. 230 (2001).

The incentive provision of the statute reads, in pertinent part:

> The period a prisoner convicted of a ***nonviolent offense*** remains in custody after successfully completing a treatment program ***may*** be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).  (Emphasis added).

The BOP has promulgated regulations at 28 C.F.R. § 550.56 to implement the statutory requirement.  According to the regulations, in order to be considered for a residential treatment program, an inmate must have a verifiable drug abuse problem, must have no serious mental impairment which would substantially interfere with or preclude full participation in the program, must sign an agreement acknowledging his program responsibility, and must ordinarily be within 36 months of release and the security level of the residential program institution must be appropriate for the inmate.  28 U.S.C. § 550.56(a).  Participation in the program is voluntary, but all decisions on placement are made by the drug abuse treatment coordinator.  <u>See</u> 28 C.F.R. § 550.56(b).  The application of § 550.56 is set forth in BOP Program Statement 5330.10.[1]

---

[1] Program Statement 5330.10 defines the RDAP as consisting of three components: (1) a 500-hour minimum unit-based residential program; (2) an institution transition phase, which requires participation for a minimum of one hour a month over a period of 12 months after successfully completing the unit-based program; and (3) a community transitional services program where the inmate is transferred to a halfway house or home confinement

Case 1:08-cv-05980-JBS   Document 2   Filed 06/03/09   Page 7 of 18 PageID: 26

In these regulations, the BOP also defined prisoners who had not been convicted of a nonviolent offense, and who thus were ineligible for early release, as those prisoners who were currently incarcerated for committing a crime of violence as defined in 18 U.S.C. § 924(c)(3).  28 C.F.R. § 550.58 (1995); see 60 Fed. Reg. 27,692, at 27,695.  Following the promulgation of this 1995 regulation, the Courts of Appeals reached differing conclusions on the question of whether the BOP had discretion to further define a crime of violence as an offense involving a firearm, and thus exclude from eligibility for the early release incentive those prisoners who were incarcerated for such offenses.  See generally Lopez v. Davis, 531 U.S. at 234-35.[2]

---

for a period lasting up to six months.  Successful completion of the RDAP occurs upon successful completion of each of these three components of the RDAP.  See 28 C.F.R. §§ 550.56, 550.59.

[2]  In Lopez, the Supreme Court held that it was a proper exercise of discretion by the Bureau of Prisons to categorically deny eligibility for early release to prisoners with "a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses," 28 C.F.R. § 550.58(a)(1)(iv), or to prisoners whose current offense is one of certain enumerated felonies involving the use or attempted use of force, or involving the carrying, possession, or use of a firearm or other dangerous weapon, or involving sexual abuse upon children, 28 U.S.C. § 550.58(a)(1)(vi).  In reaching this conclusion, the Court first noted that the language of § 3621(e)(2)(B) grants the Bureau discretion to reduce a prisoner's sentence for successful completion of a substance abuse treatment program, but fails to define any parameters by which the Bureau should exercise that discretion.

> In this familiar situation, where Congress has enacted a law that does not answer "the precise question at issue," all we must decide is whether the Bureau, the agency empowered to administer the early release

Given the split among the Circuits, the BOP promulgated an interim regulation on October 15, 1997, and made the regulation effective approximately one week prior, on October 9, 1997. 28 C.F.R. § 550.58(a)(1)(vi)(B)(1997); 62 Fed. Reg. 53,690. The 1997 interim regulation, like the one it superceded, made ineligible for the early release incentive those prisoners incarcerated for an offense that involved the possession, use, or carrying of a firearm. 28 C.F.R. § 550.58(a)(1)(vi)(B). The 1997 interim regulation differs from the 1995 regulation by relying on "the discretion allotted to the Director of the Bureau of Prisons in granting a sentence reduction to exclude [enumerated categories of] inmates," 62 Fed. Reg. At 53,690, rather than purporting to define the statutory terms "prisoner convicted of a nonviolent offense" or "crime of violence."

The commentary accompanying publication of the 1997 interim regulation noted that the BOP was "publishing this change as an

---

> program, has filled the statutory gap "in a way that is reasonable in light of the legislature's revealed design." We think the agency's interpretation is reasonable both in taking account of preconviction conduct and in making categorical exclusions.

Lopez, 531 U.S. at 242 (citing, inter alia, Chevron, U.S.A., Inc. v. National Resources Defense Council, Inc., 467 U.S. 837, 842 (1984))(other citations omitted). Thus, "the statute's restriction of early release eligibility to nonviolent offenders does not cut short the considerations that may guide the Bureau." Lopez, 531 U.S. at 242. See also Magnin v. Beeler, 110 F.Supp.2d 338 (D.N.J. 2000) (upholding 28 C.F.R. §550.58(a)(1)(vi), before Lopez, as a valid exercise of the Bureau's discretion).

interim rule in order to solicit public comment while continuing to provide consideration for early release to qualified inmates." 62 Fed. Reg. At 53,690.  Nevertheless, the effect of the implemented interim regulation was to deny program eligibility to certain categories of inmates confined at that time and until promulgation of a final regulation.  The commentary to the interim regulation further provided that comments on the interim rule were due on December 15, 1997, and that the comments would be considered before final action was taken.[3]

Three years later, on December 22, 2000, the BOP replaced the 1997 interim regulation with a final regulation, which adopted the 1997 interim regulation without change.  See 65 Fed. Reg. 80,745.  The final regulation was effective as of December 22, 2000.  Id.  The commentary accompanying the final regulation noted that the BOP had received and considered approximately 150 comments from individuals and organizations, 138 of which were identical.  Id. at 80,747.  Thus, the final regulation read, in pertinent part, as follows:

Consideration for early release.

---

[3] In Lopez v. Davis, while the Supreme Court held that the 1997 interim regulation's categorical exclusion of prisoners based on their involvement with firearms in connection with the commission of a felony was a permissible exercise of the Bureau's discretion, the Court declined to consider the arguments of various *amici* that the 1997 interim regulations violated the notice-and-comment provisions of the APA, as that argument had not been raised or decided below, or presented in the petition for certiorari.  531 U.S. at 230, 244 n.6.

> An inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.
> (a) Additional early release criteria.
> (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
> . . .
> (vi) Inmates whose current offense is a felony:
> . . .
> (B) That involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device),
> ...

5 U.S.C. § 550.58 (2000).  The regulation has remained unchanged since 2000.  See also BOP Program Statements 5330.10, *Drug Abuse Programs Manual – Inmate* (1997), and 5162.04, § 7, *Categorization of Offenses* (1997)("All offenses under 18 U.S.C. § 922(g) shall preclude an inmate from receiving certain Bureau program benefits.").

    The Administrative Procedure Act requires, with exceptions not relevant here, that proposed rules be published in the Federal Register, not less than 30 days before the proposed rule's effective date, and provide a period for interested persons to comment on the proposed rule, which comments are to be considered by the agency prior to adopting the rule.  See 5 U.S.C. § 553(b), (c), (d).

Following promulgation of the 1997 interim regulation, the United States Court of Appeals for the Ninth Circuit determined that the 1997 interim regulation was invalid, for failure to follow the notice-and-comment requirements of the APA.  See Paulsen v. Daniels, 413 F.3d 999 (9th Cir. 2005).  The 2000 final rule, however, complied with the notice-and-comment requirements. More recently, the Court of Appeals for the Ninth Circuit has held that the final 2000 rule is invalid, nevertheless, as "arbitrary and capricious" in violation of § 706(2)(A) of the APA, for failure to set forth a rationale for its categorical exclusion rule.  Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008).

C.  Exhaustion of Administrative Remedies

As an initial matter, this Court notes that petitioner did fully exhaust his administrative remedies before filing this habeas petition.

Santiago appears to have completed the administrative remedy process based on his attachment of the National Inmate Appeals decision on October 23, 2008.  Accordingly, this Court has the benefit of the factual administrative record in this instance so as to determine whether the BOP exercised its discretion based upon factors other than the categorical exclusion contained in the challenged regulation.

D.   <u>Petitioner Is Not Eligible for Early Release</u>

It appears that Santiago is not eligible for early release under 18 U.S.C. § 3621(e)(2)(B), because he did not successfully complete all of the requirements of the RDAP.  At the time Santiago filed this petition, he had not yet completed the 500-hour residential program.  He stated that he had two months until completion in December 2008, but he has not indicated to the Court since that time whether or not he completed the program.  Moreover, Santiago does not indicate that he has completed the institutional transition phase or the community transitional services program that also are required to be considered for successful completion of a RDAP.  <u>See</u> 28 C.F.R. §§ 550.56, 550.59; Program Statement 5330.10.

Consequently, at the time he filed this petition, Santiago was not eligible for consideration for early release because he had not actually successfully completed the program, notwithstanding the fact that he was ineligible for consideration by virtue of his conviction for an offense involving the possession of a firearm.  This ground would suffice to deny the petition without prejudice to Petitioner's reapplication in the event he completes the program.  Ordinarily, Petitioner would receive an opportunity to supplement his petition to demonstrate he has completed these collateral requirements.  In the present instance, however, for reasons next discussed, it would be futile

to keep this docket open for further amendment because the petition cannot succeed on the merits.

E.  <u>The BOP Categorical Exclusion is Permissible</u>

This Court also disagrees with Santiago's position, and with the <u>Arrington</u> decision, that the BOP rule violates the APA proscription against arbitrary and capricious agency action. Moreover, the Court rejects Santiago's claim that his categorical exclusion from consideration for early release, pursuant to the rule, was unlawful.[4]

The APA's "arbitrary and capricious" standard of review is "narrow." A federal court may "find that an action is arbitrary and capricious if the agency relied on facts other than those intended by Congress, did not consider 'an important aspect' of the issue confronting the agency, provided an explanation for its decision which 'runs counter to the evidence before the agency,' or is entirely implausible." <u>Rite Aid of Pennsylvania, Inc. v. Houston</u>, 171 F.3d 842, 853 (3d Cir. 1999)(quoting <u>Motor Vehicles</u>

---

[4] Santiago argues in his petition that the 1997 interim rule violated the APA. However, this interim rule was replaced in December 2000 with a final regulation that adopted the 1997 interim rule without change, after the requisite notice-and-comment period. Although Santiago cites to the 1997 interim regulation, and the <u>Paulson</u> decision that held the interim regulation to be invalid for failure to follow the notice-and-comment requirements of the APA, it is clear from his administrative appeal that petitioner is relying on the <u>Arrington</u> decision, which held that the final 2000 rule is invalid as "arbitrary and capricious" in violation of Section 706(2)(A) of the APA, 5 U.S.C. § 706(2)(A), for failure to set forth a rationale for its categorical exclusion rule. Accordingly, this Court will discuss only the 2000 final rule and <u>Arrington</u> as they are applicable here.

13

Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43-44 (1983)).  Moreover, a federal court "must 'uphold [an agency's] decision of less than ideal clarity if the agency's path may reasonably be discerned.'"  Rite Aid, 171 F.3d at 853 (quoting Motor Vehicle Mfrs. Ass'n, 463 U.S. at 43) (internal citations omitted).  Indeed, "on occasion, regulations with no statement of purpose have been upheld where the agency's purpose was considered obvious and unmistakable."  Citizens to Save Spencer County v. U.S. Environmental Protection Agency, 600 F.2d 844, 884 (D.C.Cir.1979) (emphasis added) (quoted with approval in Muolo v. Quintana, 2009 WL 82491 (W.D.Pa. Jan.8, 2009)).

    Virtually every court to consider the matter has rejected the rationale of Arrington.  See Snipe v. Dept. of Justice, 2008 WL 5412868 (N.D.W.Va. Dec. 23, 2008)(collecting cases).  The Court of Appeals for the Sixth Circuit has held that the Lopez decision "does directly control" the argument that this challenged regulation is arbitrary.  See Harrison v. Lamanna, 19 Fed. Appx. 342, 2001 WL 1136080 (6th Cir. 2001).  See also Cushenberry v. Federal Medical Center, 530 F. Supp.2d 908,913 (E.D. Ky. 2008)(same); Robinson v. Gonzales, 493 F. Supp.2d 758, 763-64 (D. Md. 2007)(same); Chevrier v. Marberry, 2006 WL 3759909, *4-5 (E.D. Mich. 2006)("There is nothing unreasonable in the BOP's common-sense decision that there is a significant potential for violence from criminals who possess firearms.").  This Court agrees that the Lopez decision directly controls the claim that this challenged regulation, which is identical to the

14

1997 interim regulation at issue in Lopez, is arbitrary in violation of the APA.[5]

In Lopez v. Davis, the Supreme Court agreed with the BOP's argument that "the agency may exclude inmates either categorically or on a case-by-case basis, subject of course to its obligation to interpret the statute reasonably, see Chevron [v. Natural Resources Defense Council, 467 U.S. 837, 884 (1984)], in a manner that is not arbitrary or capricious, see 5 U.S.C. § 706(2)(A)." The Court went on, "Having decided that the Bureau may categorically exclude prisoners based on their preconviction conduct, we further hold that the [1997 interim regulation] is permissible. The Bureau reasonably concluded that an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." 531 U.S. at 244 (footnote omitted).

To the extent Lopez does not directly control the issue, this Court agrees with Chief Magistrate Judge Baxter, of the Western District of Pennsylvania, "that the Bureau chose the categorical exclusion set forth in 28 C.F.R. § 550.58(a)(1)(vi)(B) because of the increased risk that felons

---

[5] Insofar as Santiago contends that the BOP regulations and program statements are invalid because he was not convicted of a "crime of violence" within the meaning of the governing statute, his argument also fails. The BOP does not preclude eligibility for early release based upon a conviction for a "crime of violence," but rather as an exercise of the discretion vested in the Director of the BOP, as permitted by Lopez.

15

with convictions involving firearms might pose to the public can be reasonably discerned from the administrative record." Muolo, 2009 WL 82491, *9.

It is a point that is evident from review of the litigation to which the Bureau referred in the Federal Register.  The program statement at the center of that litigation explained that the BOP originally chose to categorically exclude inmates convicted of drug offense violations who received sentence enhancements for possession of a weapon because the "possession of a dangerous weapon during commission of a drug offense poses a substantial risk that force may be used against persons or property."  P.S.  5162.02, § 9.  Also, the legal decisions issued by the courts of appeals in that litigation showed that the Bureau sought to categorically exclude from the early release benefit certain felons who used guns during their offenses because "the BOP equate[s] gun possession and drug dealing with violence." ... When the BOP's effort to categorically exclude such inmates was frustrated by courts of appeals that invalidated its approach, the BOP amended its regulation so as to achieve the same result through a method that would cure the problems identified by those courts.  In sum, the public safety rationale justifying the categorical exclusion of inmates whose current offense is a felony that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosive was not a "post hoc" rationalization, but was evident in the litigation that prompted the amendment to 28 C.F.R. 550.58 (1995) and which

16

the BOP referenced in the Federal Register.  Muolo, 2009 WL 82491, *9 (citations omitted).  This Court agrees with Judge Baxter's further reflection that the BOP's public safety rationale can be reasonably discerned from the other categorical exclusions contained in the same regulation, including discretionary exclusions of: "(1) inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses; (2) inmates whose current offense is a felony that has as an element the actual, attempted, or threatened use of physical force against the person or property of another; (3) inmates whose current offense is a felony that by its nature or conduct presented a serious potential risk of physical force against the person or property of another; and, (4) inmates whose current offense is a felony that by its nature or conduct involves sexual abuse offenses committed upon children.  28 U.S.C. § 50.58(a)(1)(iv), (vi)(A), (C)-(D).  Muolo, 2009 WL 82491, *10.

    Moreover, this Court agrees that it is telling that none of the 150 comments to the proposed rule challenged the rule on the basis that there was no public safety rationale to support the categorical exclusions contained in the rule.  Id.  Thus, the rationale for the categorical exclusion of inmates whose current offense involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives can be reasonably discerned from the administrative record and is not "arbitrary or capricious."

17

Finally, this Court notes that in this case, the BOP did not deny Santiago early release eligibility based on his conviction as being a crime of violence.  Rather, he was denied early release eligibility at the Director's discretion, which exercise of discretion was upheld by the Supreme Court in Lopez. Significantly, although Santiago may wish to argue that his drug trafficking charges do not constitute a violent crime, the BOP acknowledged Santiago's Amended Judgment and Commitment Order which indicated that he had discharged a firearm twice resulting in an injury and held a gun to another person's head.  These actions by petitioner during the offenses for which he was convicted certainly show, by its nature or conduct, that Santiago presented a serious potential risk of physical force and harm against the person or property of another.  See 28 U.S.C. § 50.58(a)(1)(iv), (vi)(A), (C)-(D).  Muolo, 2009 WL 82491, *10.

Therefore, this Court finds that Santiago is not entitled to relief on this claim.

### IV.  CONCLUSION

For the reasons set forth above, the Petition, which challenges Santiago's exclusion from consideration for early release under 18 U.S.C. § 3621(e) will be denied.  An appropriate order follows.

                                **s/ Jerome B. Simandle**
                                JEROME B. SIMANDLE
                                United States District Judge

Dated: **June 3, 2009**